

1

**JML LAW**
A PROFESSIONAL LAW CORPORATION
5855 TOPANGA CANYON BLVD., SUITE 300
WOODLAND HILLS, CALIFORNIA 91367
Tel: (818) 610-8800
Fax: (818) 610-3030

2

3

4
CATHRYN G. FUND, STATE BAR NO. 293766
ADRIANA GARRIDO, STATE BAR NO. 299402

5

**Attorneys for Plaintiff**
ANGELA SMITH

6

Electronically FILED by
Superior Court of California,
County of Los Angeles
5/14/2025 4:37 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By E. Galicia, Deputy Clerk

7

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8

**FOR THE COUNTY OF LOS ANGELES**

9

10

11
ANGELA SMITH, an individual,

           Plaintiff,

12

      vs.

13

14
UNIVERSAL CONTENT
PRODUCTIONS LLC, a Delaware
limited liability company; and DOES 1-
50, inclusive,

15

16

           Defendants.

17

Case No.: 25STCV14169

COMPLAINT FOR:

1.  **DISCRIMINATION IN VIOLATION OF THE FEHA;**

2.  **RETALIATION IN VIOLATION OF THE FEHA;**

3.  **FAILURE TO PREVENT IN VIOLATION OF THE FEHA;**

4.  **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF THE FEHA; and**

5.  **FAILURE TO ACCOMMODATE IN VIOLATION OF THE FEHA**

18

19

20

**DEMAND FOR JURY TRIAL**

21

22

23
    Plaintiff, ANGELA SMITH, hereby brings her employment complaint against the above-named Defendants and states and alleges as follows:

24

**PRELIMINARY ALLEGATIONS**

25
    1.    ANGELA SMITH is a resident of the county of Los Angeles, state of California.

26

27

1

**COMPLAINT**

*JML LAW*
*A Professional Law Corporation*
*5855 Topanga Canyon Blvd., Suite 300*
*Woodland Hills, CA 91367*
*(818) 610-8800*

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

2.     At all times mentioned herein, Defendant UNIVERSAL CONTENT PRODUCTIONS LLC was a Delaware limited liability company, licensed to do business under the laws of the state of California, in the county of Los Angeles, at 100 Universal City Plaza, in the city of Universal City.  At the time the causes of action arose, Defendant was Plaintiff's employer.

3.     The true names and capacities, whether individual, corporate, associate or otherwise of DOES 1 through 50 are unknown to Plaintiff who therefore sues these Defendants under said fictitious names.  Plaintiff is informed and believes that each of the Defendants named as a Doe Defendant is legally responsible in some manner for the events referred to in this Complaint, is either negligently, willfully, wantonly, recklessly, tortuously, strictly liable, statutorily liable or otherwise, for the injuries and damages described below to this Plaintiff.  Plaintiff will in the future seek leave of this court to show the true names and capacities of these Doe Defendants when it has been ascertained.

4.     Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

5.     Hereinafter in the Complaint, unless otherwise specified, reference to a Defendant or Defendants shall refer to all Defendants, and each of them.

**ALLEGATIONS**

6.     On or about March 11, 2024, Defendant hired Plaintiff as a Distribution Scheduler for an initial period of approximately six months.

7.     Throughout her employment, Plaintiff performed her job duties in an efficient, competent, and successful manner, as evidenced by the positive relationships she developed with her supervisors and constructive feedback.

8.     Unfortunately, on or about July 31, 2024, Plaintiff caught her foot on the patio at work, fell, and fractured her ankle.

**COMPLAINT**

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

9.    As a result, Plaintiff informed Defendant that she was physically limited for approximately six weeks.  However, she wanted to continue working remotely, as she had been previously on a hybrid work schedule.

10.    Despite her reasonable requests to work remotely, in or around August 2024, Defendant responded that it would "just close her out now" and her contract would formally end on September 11, 2024, absent the fact that there was still a need for someone to fill the position and there were prior conversations about extending her role.

11.  On information and belief, subsequent to her termination, another employee was hired to fill Plaintiff's position.

12.  Plaintiff is informed and believes, and based thereon alleges, that the real reason for her termination was because of her disability and/or in retaliation for using or requesting disability-related accommodations.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

13.  Plaintiff timely filed a complaint with the California Civil Rights Department on May 14, 2025 and received a right to sue letter the same day.  This Complaint is timely filed pursuant to that letter.

## FIRST CAUSE OF ACTION

## DISCRIMINATION IN VIOLATION OF THE FEHA

### (Against All Defendants)

14.    Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth herein.

15.    At all times herein mentioned, California Government Code § 12940 et seq., the Fair Employment and Housing Act ("FEHA"), was in full force and effect and was binding on Defendant, as Defendant regularly employed five or more persons.

16.    The FEHA requires Defendant to refrain from discriminating against any employee on the basis of, among other things, an individual's disability.

3

**COMPLAINT**

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

17.     Defendant engaged in unlawful employment practices in violation of the FEHA by discriminating against Plaintiff on the basis of his disability and terminating her employment and/or failing to extend her contract.

18.     As a proximate result of the aforesaid acts of Defendant, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

19.     As a proximate result of the wrongful acts of Defendant, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and believes, and thereupon alleges, that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

20.     Defendant had in place policies and procedures that specifically prohibited and required Defendant's managers, officers, and agents to prevent discrimination against and upon employees of Defendant. Managers, officers, and/or agents of Defendant were aware of Defendant's policies and procedures requiring them to prevent discrimination against and upon employees of Defendant. However, Defendant chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff.  Plaintiff should, therefore, be awarded exemplary and punitive damages against Defendant in an amount to be established that is appropriate to punish Defendant and deter others from engaging in such conduct.

21.     As a proximate result of the wrongful acts of Defendant, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(c).

4

**COMPLAINT**

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

## SECOND CAUSE OF ACTION

## RETALIATION IN VIOLATION OF THE FEHA

### (Against All Defendants)

22.    Plaintiff hereby restates and incorporates all preceding paragraphs as though fully set forth herein.

23.    The FEHA protects all individuals from retaliation for engaging in a protected activity.  Plaintiff engaged in a protected activity when she requested or used an accommodation relating to her disability.

24.    Thereafter, Defendant retaliated against Plaintiff and terminated her employment and/or failed to extend her contract.

25.    As a proximate result of the aforesaid acts of Defendant, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

26.    As a proximate result of the wrongful acts of Defendant, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and believes, and thereupon alleges, that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

27.    Defendant had in place policies and procedures that specifically prohibited and required Defendant's managers, officers, and agents to prevent retaliation against and upon employees of Defendant. Managers, officers, and/or agents of Defendant were aware of Defendant's policies and procedures requiring them to prevent retaliation against and upon employees of Defendant. However, Defendant chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff.  Plaintiff should,

**COMPLAINT**

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

therefore, be awarded exemplary and punitive damages against Defendant in an amount to be established that is appropriate to punish Defendant and deter others from engaging in such conduct.

28.     As a proximate result of the wrongful acts of Defendant, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(c).

## THIRD CAUSE OF ACTION

## FAILURE TO PREVENT IN VIOLATION OF THE FEHA

### (Against All Defendants)

29.     Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth herein.

30.     At all times mentioned herein, the FEHA was in full force and effect and was binding upon Defendant.

31.     The FEHA imposes on an employer a duty to take immediate and appropriate corrective action to end discrimination and retaliation and take all reasonable steps necessary to prevent discrimination and retaliation from occurring, among other things.

32.     Defendant failed to take immediate and appropriate corrective action to end the discrimination and retaliation. Defendant also failed to take all reasonable steps necessary to prevent the discrimination and retaliation from occurring.

33.     In failing and/or refusing to take immediate and appropriate corrective action to end the discrimination and retaliation and failing and/or refusing to take any or all reasonable steps necessary to prevent the discrimination and retaliation from occurring, Defendant violated the FEHA causing Plaintiff to suffer damages.

34.     As a proximate result of the aforesaid acts of Defendant, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff

**COMPLAINT**

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

35.     As a proximate result of the wrongful acts of Defendant, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and believes, and thereupon alleges, that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

36.     Defendant had in place policies and procedures that specifically prohibited and required Defendant's managers, officers, and agents to prevent discrimination and retaliation against and upon employees of Defendant. Managers, officers, and/or agents of Defendant were aware of Defendant's policies and procedures requiring them to prevent discrimination and retaliation against and upon employees of Defendant. However, Defendant chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff. Plaintiff should, therefore, be awarded exemplary and punitive damages against Defendant in an amount to be established that is appropriate to punish Defendant and deter others from engaging in such conduct.

37.     As a proximate result of the wrongful acts of Defendant, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(c).

## FOURTH CAUSE OF ACTION

## FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS

## IN VIOLATION OF THE FEHA

### (Against All Defendants)

38.  Plaintiff hereby restates and incorporates all preceding paragraphs as though fully set forth herein.

**COMPLAINT**

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

39. At all times herein mentioned, the FEHA was in full force and effect and was binding on Defendant, as Defendant regularly employed five or more persons.

40. The FEHA makes it unlawful for an employer to fail to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any.

41. Defendant failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations for Plaintiff's known disabilities.

42. As a proximate result of the aforesaid acts of Defendant, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

43. As a proximate result of the wrongful acts of Defendant, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges, that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

44. Defendant had in place policies and procedures that specifically required Defendant's managers, officers, and agents to engage in the interactive process with Defendant's employees. Plaintiff relied on the fact that Defendant would follow these known policies, yet Defendant consciously chose not to follow said policies. Therefore, Defendant's conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff. Plaintiff should, therefore, be awarded exemplary and punitive damages against Defendant in an amount to be established that is appropriate to punish Defendant and deter others from engaging in such conduct.

45. As a proximate result of the wrongful acts of Defendant, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to

8

**COMPLAINT**

incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(c).

## FIFTH CAUSE OF ACTION

### FAILURE TO ACCOMMODATE IN VIOLATION OF THE FEHA

### (Against All Defendants)

46.  Plaintiff hereby restates and incorporates all preceding paragraphs as though fully set forth herein.

47.  At all times herein mentioned, the FEHA was in full force and effect and was binding on Defendant, as Defendant regularly employed five or more persons.

48.  Plaintiff's disabilities limited her ability to engage in the major life activity of working.

49.  Although Defendant knew of Plaintiff's disabilities, Defendant refused to accommodate Plaintiff.  Defendant's actions were in direct contravention of the FEHA.

50.  Plaintiff alleges that with reasonable accommodation she could have fully performed all duties and functions of her job in an adequate, satisfactory and/or outstanding manner.

51.  As a proximate result of the aforesaid acts of Defendant, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

52.  As a proximate result of the wrongful acts of Defendant, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and believes, and thereupon alleges, that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

53.  Defendant had in place policies and procedures that specifically required Defendant's managers, officers, and agents to accommodate disabled employees of Defendant.  Plaintiff

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

9

**COMPLAINT**

relied on the fact that Defendant would follow these known policies, yet Defendant consciously chose not to follow said policies.  Therefore, Defendant's conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by Defendant to Plaintiff.  Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above.  Plaintiff should, therefore, be awarded exemplary and punitive damages against Defendant in an amount to be established that is appropriate to punish Defendant and deter others from engaging in such conduct.

54. As a proximate result of the wrongful acts of Defendant, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(c).

**WHEREFORE, Plaintiff prays for judgment as follows:**

1. For general damages, according to proof;

2. For special damages, according to proof;

3. For punitive damages, according to proof;

4. For attorneys' fees and costs of suit;

5. For prejudgment and post-judgment interest according to law; and

6. For such other and further relief as the court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

///

///

///

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

**COMPLAINT**

DATED:     May 14, 2025              JML LAW, A Professional Law Corporation


                                         By:   _Cathryn Fund_

                                               CATHRYN G. FUND

                                               ADRIANA GARRIDO

                                               Attorneys for Plaintiff

**JML LAW**
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

11

**COMPLAINT**